UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- x

JULIA FUSCO,

                                                    Plaintiff,      **ANSWER**

-against-                        17 Civ. 3675 (NG) (RML)

NEW YORK CITY DEPARTMENT OF EDUCATION;
MICHAEL MCDONNELL, PRINCIPAL OF MIDWOOD
HIGH SCHOOL; MICHAEL PRAYOR, SUPERINTENDENT
OF HIGH SCHOOLS,

                                                    Defendants.
---------------------------------------------------------------------------- x

        Defendants New York City Department of Education ("DOE"),[1] Michael McDonnell, and Michael Prayor, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated June 16, 2017 ("Complaint"), respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        2.      Deny the allegations set forth in in paragraph "2" of the Complaint, except admit that Plaintiff was denied completion of probation, but was later reinstated by DOE and has worked for DOE since her reinstatement.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

---

[1] "Department of Education of the City of New York" and "DOE" are formally the Board of Education of the City School District of the City of New York, as defined and existing pursuant to the New York State Education Law.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth in this paragraph.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to base venue as set forth therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in paragraph "7" of the Complaint.

8. Paragraph "8" of the Complaint contains a legal conclusion to which an answer is not required. To the extent an answer is required, Defendants deny the allegations contained in paragraph "8" and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

9. Deny the allegations set forth in paragraph "9" of the Complaint, and respectfully refer the Court to Articles 52 and 52-A of the N.Y. Education Law for the powers and duties of the DOE.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Michael McDonnell is a principal employed by DOE.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Michael Prayor is a superintendent employed by DOE.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiff was a special education teacher employed by DOE starting in 2002.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff began her career with DOE in 2002-2003 at Leon M. Goldstein High School in Brooklyn, New York.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff taught at Leon M. Goldstein High School from the 2002-2003 school year through the 2004-2005 school year.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff was excessed in 2005.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff was assigned to Erasmus Hall High School for the 2005-2006 school year.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiff was assigned to Leon M. Goldstein High School during the 2006-2007 school year.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Plaintiff was on leave without pay for child care during the 2007-2008 and 2008-2009 school years.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff was assigned to Leon M. Goldstein High School during the 2009-2010 school year as a Biology and General Science teacher.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff received a "satisfactory" end-of-year rating for the 2009-2010 school year.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff was excessed in 2010 and was assigned to Midwood High School ("Midwood").

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiff was reappointed as a special education teacher in 2011.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiff was SAVE room coordinator at Midwood.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Plaintiff received "Satisfactory" Annual Professional Performance Reviews ("APPR") for the 2011-2012 and 2012-2013 school years, and that Plaintiff was assigned to Midwood High School during the 2013-2014 school year.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the portions of paragraph "30" of the Complaint concerning Plaintiff's mindset.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff received a disciplinary letter from Assistant Principal Kathy Farrell regarding her unauthorized absences.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff was absent on April 28, 2014.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Assistant Principal Kathy Farrell met with Plaintiff regarding her unauthorized absences on May 5, 2014.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that Assistant Principal Kathy Farrell met with Plaintiff regarding her unauthorized absences on May 5, 2014.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that Plaintiff received an "Effective" rating for the 2013-2014 school year, and that Plaintiff voluntarily extended her probationary period one additional year in April 2014.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Plaintiff met with Assistant Principal Farrell on February 11, 2015 for a disciplinary meeting regarding her lateness.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Plaintiff applied for Line of Duty Injury leave on or around March 20, 2015.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that Principal McDonnell issued a letter, dated April 24, 2015, to Superintendent Prayor recommending denial of Plaintiff's probation.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that the letter, dated April 24, 2015, noted that Plaintiff had ten absences, had been late at least five other times, and that six other absences may or may not have been approved for LODI.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "63" of the Complaint regarding Plaintiff's caretaking of her father.

64. Deny the allegations set forth in paragraph "64" of the Complaint, except admit that Principal McDonnell's letter, dated April 24, 2015, stated that Plaintiff had failed to improve her performance.

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that Plaintiff received negative evaluations during the 2014-2015 school year.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit that, by letter dated June 26, 2015, Superintendent Prayor denied Plaintiff's completion of probation.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that an appeal hearing was held at the DOE Office of Appeals and Review on November 17, 2015 regarding the denial of Plaintiff's completion of probation.

70. Deny the allegations set forth in paragraph "70" of the Complaint, except admit that Plaintiff filed a Notice of Claim which DOE received on November 19, 2015.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint, except admit that Plaintiff was

reinstated as an appointed teacher after a determination was made as to her internal appeal hearing.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint, except admit that Plaintiff worked at Kingsborough Early College Secondary School during August 2015 on a per session basis.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Plaintiff was reinstated to work as a special education teacher at Kingsborough Early College Secondary School in January 2016.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that Superintendent Prayor sent Plaintiff a letter, dated March 4, 2016, informing her that he was reversing his recommendation of denial of completion of probationary service effective September 8, 2015.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. In response to the allegations set forth in paragraph "81" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "80" of the Complaint, as if fully set forth here.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to the allegations set forth in paragraph "84" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "83" of the Complaint, as if fully set forth here.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## AS AND FOR A FIRST DEFENSE

89. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

90. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations period.

## AS AND FOR A THIRD DEFENSE

91. Defendants had legitimate, good faith business reasons for any decisions made with respect to Plaintiff's employment that were not retaliatory in any respect and did not interfere with Plaintiff's rights under any statute, including the Family Medical Leave Act.

## AS AND FOR A FOURTH DEFENSE

92. The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## AS AND FOR A FIFTH DEFENSE

93. At all times relevant to the Complaint, Defendants acted reasonably, lawfully, and in good faith, without malice, in accordance with the Constitution and laws of the United States and the State of New York, the Charter and laws of the City of New York, and all applicable laws, by-laws, rules and regulations of the DOE.

## AS AND FOR A SIXTH DEFENSE

94. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A SEVENTH DEFENSE

95. Plaintiff's claims are partially barred by, inter alia, prior release, including claims for tenure by estoppel.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, that the relief requested in the Complaint be denied in all respects, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 15, 2017

          **ZACHARY W. CARTER**
          Corporation Counsel of the
           City of New York
          Attorney for Defendants
          100 Church Street, Room 2-183
          New York, New York 10007
          (212) 356-2078
          jocarter@law.nyc.gov

By:         /s/
        John Corbin Carter
        Assistant Corporation Counsel

To: GLASS KRAKOWER LLP
Attorneys for Plaintiff
100 Church Street, 8th Floor, Suite 800
New York, NY 10007
(212) 537-6859
(*via ECF*)